## LOEB et al. v. PONDER et al.

Circuit Court of Appeals, Fifth Circuit.
February 10, 1928.

No. 4973.

**Master and servant ⬤77—Receivers ⬤67—Fund for hospital purposes, contributed by employees, is trust fund, not assets of company, in case of receivership.**

A hospital fund, created by a railroad company from deductions from wages of employees for care of sick or injured employees, is a trust fund, and in case of receivership cannot be treated as assets of the company.

Appeal from the District Court of the United States for the Western District of Texas; Charles A. Boynton, Judge.

H. W. Loeb and others, executors of the estate of John T. Milliken, deceased, appeal from an order entered against them and A. R. Ponder, receiver of the San Antonio, Uvalde & Gulf Railroad Company, on intervening petition of L. H. Upchurch and others. Affirmed.

Howard Templeton, of San Antonio, Tex. (S. J. Brooks and Templeton, Brooks, Napier & Brown, all of San Antonio, Tex., on the brief), for appellants.

Mason Williams, of San Antonio, Tex., for appellee Ponder.

E. J. Fountain, Jr., and W. L. Cook, both of Houston, Tex., for appellee San Antonio, Uvalde & Gulf R. Co.

Oscar M. Powell, of San Antonio, Tex.

(H. W. Green, of San Antonio, Tex., on the brief), for appellees Upchurch and others.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In 1912 the San Antonio, Uvalde & Gulf Railroad Company established a hospital department for the purpose of furnishing medical treatment to its officers and employees, the fund for operating same to be created by deductions of from 50 cents to $1 per month from the wages of said persons. In August, 1914, Hon. Du Val West was appointed receiver of the said road by the United States District Court for the Western District of Texas. The hospital fund had been kept separate on the books of the company, but the money belonging in the fund was mingled with the general fund of the railroad. On August 26, 1914, Judge West, as receiver, petitioned the court for instructions as to the handling and disposition of the fund; the petition setting out that for a number of years past there had existed an unincorporated association on the line of the railroad company, known as the Employees' Hospital Association, and setting forth the accumulation of the fund by deductions from wages. The fund at that time amounted to $4,000.50. On that petition an order was entered by the late Judge W. T. Burns, the material part of which follows:

"The receiver is hereby ordered and directed to treat and retain all amounts heretofore collected, or which may hereafter be collected, from the officers and employees of the railroad company for the benefit of the Employees' Hospital Association, as a trust fund, and to use said fund solely and only for the purpose of furnishing surgical and medical attention to the sick and injured, to bury the dead, and to otherwise care for those subject to misfortune in the employ of the railroad company, and to expend said sum for any of said purposes at his discretion, always treating said hospital fund as a trust fund, to be used for the purposes for which it was collected from the employees of the railroad company, and, if any of said fund heretofore has been diverted for other purposes, the receiver is ordered to replace said amount as rapidly as the earnings of the road and his discretion may permit, and, after said amount which may have been diverted for other purposes has been replaced, to hold said money and all moneys hereafter received for said purpose as a trust fund, to be used only for the purpose for which it was collected."

Thereafter Mr. A. R. Ponder, president and general manager of the railroad, was appointed coreceiver, and later, on the resignation of Judge West, he was appointed sole receiver. The road continued in receivership and the fund continued to accumulate, until in December, 1925, plans for the reorganization of the road were apparently completed. During this time the fund had increased to over $15,000. The road was obligated to supply deficiencies in the fund, but had never done so, and the fund on hand was derived entirely from deductions from wages. On December 9, 1925, Ponder petitioned the court for permission to treat the hospital fund as part of the general funds of the road, available for payment of current expenses and other charges. Upchurch and other employees of the railroad, who appear herein as appellees, filed an opposition to the petition of the receiver, on behalf of themselves and all others of the same class, and asked that the fund be kept intact, to be applied to the purposes for which created, and that a new trustee be appointed to administer it.

It appears from the record that about 92 per cent. of the bonds and stock of the road, owned by the estate of John T. Milliken, was sold to Kell and Eldridge, presumably parties interposed, as is usual in railroad reorganizations, and subsequently all of the outstanding stock and securities of the road were acquired by the New Orleans, Texas & Mexican Railroad Company, and on December 31, 1925, the physical property was turned over to that company, and the San Antonio, Uvalde & Gulf Railroad, without losing its identity, has since been operated by the system of which the New Orleans, Texas & Mexican Railroad forms a part. In making the sale to Kell and Eldridge, the estate of Milliken had guaranteed to assume and pay all of the expenses of the receiver up to December 31, 1925, and appellants, executors of the said estate, intervened and prayed that the prayer of the receiver's petition to treat the hospital account as general funds of the road be granted. After a hearing, a decree was entered, which denied the application of the receiver, and of the estate of Milliken, granted the petition of Upchurch et al., decreed the hospital fund to be a trust fund for the benefit of the officers and employees of the San Antonio, Uvalde & Gulf Railroad, appointed the said road as trustee for its administration, and, as the fund had been dissipated for the benefit of the Milliken

estate before the application of the receiver to treat it as general funds, judgment was entered against him and his surety, and also against the estate of Milliken, ordering the latter to return the money, $15,560.94, to the receiver. This appeal is prosecuted solely by the estate of Milliken to reverse that decree.

Considering the order originally entered, requiring the receiver to continue the deductions of wages and setting aside the accumulations as a trust fund, which order was never set aside or modified, and the fact that the receiver dissipated the fund entirely without the approval of the court, it is hardly necessary to cite authorities to sustain the judgment of the District Court. However, because of the universal custom of railroads in creating hospital departments and hospital funds, it may be considered settled that the funds thus created are trust funds, if the railroad derives no profit from their operation, and are sacred for the purposes for which created: Illinois Central Railroad Co. v. Moodie (C. C. A.) 23 F.(2d) 902, decided February 3, 1928, and authorities cited therein.

Affirmed.