## KLOMAN v. DOCTORS HOSPITAL, Inc.

### No. 972.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 30, 1950.

Decided Nov. 15, 1950.

3. Sheets v. Selden, 7 Wall. 416, 19 L.Ed. 166; Trans-Lux Radio City Corp. v. Service Parking Corp., D.C.Mun.App., 54 A.2d 144.

Joseph A. Ashi, Washington, D. C., with whom William J. Batrus, Washington, D. C., was on the brief, for appellant.

Michael J. Keane, Jr., Washington, D. C., with whom Karl Michelet and James W. Lauderdale, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This was a claim for hospital services rendered to appellant's wife. The defense was that as an employee of Doctors Hospital, the patient was entitled to have her bill paid out of a "hospital insurance" plan. The trial judge ruled in favor of the hospital and defendant brings this appeal.

One of the questions before the trial court was whether the patient, Mrs. Kloman, had a tenure of employment sufficiently long to entitle her to free hospitalization; but we need not discuss that question here in view of the ruling we are making on another, more controlling question. The important facts on which our decision is centered are these: Mrs. Kloman, a registered nurse, went to work for Doctors Hospital in January 1944, and with certain interruptions, including a three months leave of absence at the end of 1945 and another leave of two months expiring in March 1947, worked there until just before she became a surgical patient in May 1947. As an incident of her employment she made monthly contributions out of her salary, to a fund which the hospital maintained for the benefit of its employees, some four hundred in number. Insofar as they relate to this litigation, the governing features of the hospitalization plan are stated in an

"Outline of Doctors Hospital Hospitalization Plan for Employees," as follows:

"(7) 18-Month Limitation

1. During the first 18 months of participation in the Hospital plan, hospitalization *will not be provided for:*

a. * * *

b. * * *

c. *Elective surgery* such as tonsillectomies, hernia operations, plastic operations, etc. [Italics supplied.]

2. After an employee has completed 18 continuous months of service, a needed operation of the type excepted above, may be performed with special permission of the Administrator."[1]

Mrs. Kloman suffered fromm a cystic ovary, which was operated on by a surgeon of her own selectión. She herself testified that before she went to the hospital for her operation the Administrator of the hospital, Dr. Bocock, had refused to approve her hospitalization and that she went to the admitting office, followed the regular admission procedure, and signed the usual agreement to pay for hospitalization. The record discloses that during her employment at the hospital, Mrs. Kloman had on five prior occasions applied for and received free hospitalization under the plan referred to above.

■ Dr. Bocock, called as a witness for the hospital, gave it as his medical opinion, based on information in the patient's hospital record, that her operation was in the "elective class;" that it was definitely "elective surgery." He further testified that the term "elective" generally implies a condition that does not require immediate attention.

Appellant says this testimony of Dr. Bocock was inadmissible because he had *not personally examined the patient.* We note that the doctor was not permitted to testify regarding the specific condition of the patient or the particular operation she had. His testimony constituted nothing more than an opinion as to whether the type of surgery ordinarily required for a cystic ovary condition would be elective or non-elective. Such testimony was general in nature and of a kind which any qualified physician could give. There was no error in receiving the testimony. Defendant did not offer his wife's physician as a witness, and thus Dr. Bocock's testimony stood uncontradicted to the effect that the surgery involved was elective. It was certainly not error for the trial judge to accept that opinion and to base his decision thereon.

■ If the judge found that at the time of her hospitalization, Mrs. Kloman *did not have eighteen months continuous participation in the Hospital Plan that* would have been decisive of the matter. But irrespective of the eighteen months question, the situation is clearly governed by section (7), part 2 of the Plan, which provides that even after eighteen continuous months of service, "a needed operation of the type excepted above, may be performed with special permission of the Administrator." As to this there was testimony that after reviewing Mrs. Kloman's employment record and considering all features of the situation, Dr. Bocock decided that she was not entitled to the "special permission" referred to in the quoted clause and refused to authorize free hospitalization for her.

As we view the case, the basic question is whether the hospital was justified in withholding such approval. It had no common law duty to provide medical services to its employees;[2] nor is there any statutory duty to do so in this jurisdiction. Hence the employee's rights are only those stated in the contract as spelled out in the "Outline of Plan" referred to above, and we can think of no reason why the courts should extend to any participant in the Plan benefits not thereby bestowed. It must be remembered that we are not dealing here

1. Appellant says the Outline of Plan should not have been received in evidence, but it seems plain that this was the only basis of his defense, and that if the Outline was not before the court, his defense would have vanished and a finding for plaintiff would have resulted as a matter of course.

2. 56 C.J.S., Master and Servant § 162; Anno. 33 A.L.R. 1191.

with an insurance policy, and the contract between the hospital and its employees cannot be construed as contracts of insurance would be.[3] This was a fund administered by the hospital without benefit to itself, except such benefit as would flow from helping to maintain a high health level among its employees. Under such circumstances, the payments entrusted to it became trust funds,[4] and Dr. Bocock as Administrator of the hospital became the administrator of the fund. With respect to so-called "elective surgery" cases, he was charged with the duty of expending the fund according to his wise discretion for the general protection of the four hundred employees participating in the fund. Courts should, we think, be slow to entertain attacks on decisions of such trust administrators except when it is made to appear that they have acted out of fraud, malice, bad faith, or in an arbitrary abuse of their discretionary powers.[5] Without attempting a detailed review of the evidence, we rule that no such showing was made in this case.

Affirmed.

---

3. International & G. N. Ry. Employes' Hospital Ass'n v. Bell, Tex.Civ.App., 224 S.W. 309.

4. Loeb v. Ponder, 5 Cir., 24 F.2d 33; Courchesne v. Brown, Tex.Civ.App., 216 S.W. 674.

5. See Restatement, Trusts, Sec. 187.